IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID B. SIMMONS,

                    Petitioner,

          v.                                    CASE NO. 03-3302-SAC

L.E. BRUCE, et al.,

                    Respondents.


O R D E R

     This matter is before the court on a petition for habeas
corpus filed pursuant to 28 U.S.C. 2254.  Petitioner proceeds pro
se and in forma pauperis.

**Background**

     Petitioner was convicted in September 1986 of one count of
aggravated robbery in the District Court of Sedgwick County,
Kansas.   At sentencing, the state presented evidence that
petitioner had three prior felony convictions: aggravated
robbery, attempted aggravated robbery, and unemployment fraud.
The petitioner stipulated to the prior convictions but stated
that the third conviction was for unlawful use of a financial
card.   The sentencing court determined that petitioner was
subject to the state habitual criminal act and imposed an
enhanced sentence of 45 years to life.    Petitioner filed a

direct appeal alleging there was insufficient evidence to support his conviction and trial error in the exclusion of certain testimony as hearsay.

In February 1987, while the appeal was pending, petitioner filed a motion for modification of sentence in the trial court.

In October 1987, the Kansas Supreme Court affirmed petitioner's conviction. <u>State v. Simmons</u>, No. 60,223 (Kansas Supreme Court, 10/30/87)(unpub. order).

In November 1987, petitioner filed another motion for modification of sentence in the trial court. He apparently took no other action until March 1997, when he filed a motion for correction of illegal sentence in the trial court. The motion filed in March alleged that petitioner's sentence was enhanced improperly by the use of an invalid prior conviction and that the trial court erred in considering certain prior convictions.

In May 1997, the trial court denied petitioner's motion for correction of sentence, and in June 1997, the trial court entered another order denying the motion. Petitioner filed a motion to amend the order on June 26, 1997, and on July 2, 1997, he filed a notice of appeal from the denial. The trial court denied the motion to amend on September 17, 1997, and in June 1998, petitioner's appeal was dismissed upon his motion.

In March 1999, petitioner filed another motion to modify and correct his sentence in the trial court, alleging that the

imposition of an enhanced sentence was unlawful due to the use of an invalid prior conviction and the use of a conviction that should not have been considered due to the date of the underlying criminal conduct.   Petitioner also contended his sentence was disproportionate to that of his co-defendant.

In July 1999, the trial court denied petitioner's motion filed in March of that year.   Petitioner filed an appeal.   The Kansas Supreme Court affirmed that denial on June 1, 2001.   State v. Simmons, No. 84, 731 (Kan. S.Ct. 6/1/05)(unpub. order).   That court held that the allegedly invalid conviction was not considered by the trial court in imposing the enhanced sentence; the issues raised were presented in the appeal which petitioner voluntarily dismissed and had been abandoned; petitioner failed to designate a record which would allow the court to fully consider his claims; the record did not support petitioner's allegations; and the action constituted an abuse of the writ of habeas corpus.

In August 2001, petitioner filed another motion for habeas corpus in the trial court, alleging that he received ineffective assistance of counsel.   He specifically alleged counsel had failed to properly investigate his criminal history.   The trial court held a hearing and denied relief.   Petitioner appealed, and in May 2003, the Kansas Court of Appeals affirmed the denial of relief, finding an abuse of the remedy and concluding that the

petitioner's voluntary dismissal of his appeal in 1998 constituted an abandonment of the claims. Simmons v. State, No. 88, 939 (Kan. Ct. App. 5/16/03)(unpub. order). The state supreme court denied review on July 9, 2003.

Petitioner signed and mailed the present action for habeas corpus on July 21, 2003. In this action, he seeks relief on the claims that he was denied the effective assistance of counsel and due process at the time of sentencing.

The court dismissed this matter on December 31, 2003, as time-barred. Petitioner filed a motion to alter or amend judgment, alleging that the limitation period in 28 U.S.C. 2244(d) was tolled by the pending motions filed in 1987. The court then ordered the respondents to address petitioner's claim that this matter is timely.

### Discussion

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The AEDPA imposed a one-year limitation period on a prisoner's right to apply for habeas corpus relief; that period generally begins to run from the date upon which the petitioner's conviction becomes final. 28 U.S.C. 2244(d)(1)(A). Those prisoners seeking review of pre-AEDPA convictions were granted a grace period of one year from its enactment on April 24, 1996, until April 24, 1997 to seek habeas relief. Hoggro v. Boone, 150

F.3d 1223, 1225-26 (10th Cir. 1998).   The one-year limitation
period is subject to both statutory and equitable tolling.   See
28 U.S.C. 2244(d)(2)(limitation period tolled during time in
which "a properly filed application for State post-conviction or
other collateral review...is pending"); Gibson v. Klinger, 232
F.3d 799, 808 (10th Cir. 2000)(equitable tolling available only
in "rare and exceptional circumstances").

Respondents argue that the petition is time-barred and,
alternatively, that petitioner's claims are both procedurally
defaulted and insufficient for relief.

Petitioner contends that his two motions to modify sentence
filed in 1987 tolled the limitation period and preserved his
right to apply for habeas corpus relief in 2003.   It is
uncontested that the two motions were not ruled upon by the trial
court.

Respondents first argue that the motions became stale and
were no longer properly filed for tolling purposes due to
petitioner's failure to diligently pursue relief on the motions.
They cite Woodberry v. State, 101 P.3d 727, 730-31 (Kan. App.
2004), for this argument.   In Woodberry, however, the Kansas
Court of Appeals applied the doctrine of laches after an
examination of the equities of a prisoner's failure to present a
claim for relief for over 20 years after conviction, a situation
considerably different than petitioner's assertion of claims

which apparently remained pending before the trial court.  The court does not find this persuasive authority for the present matter.

Respondents next argue that the 1987 motions were resolved by the district court's 1997 denials of petitioner's renewed motions to correct an illegal sentence.  This argument has some force, as the petitioner had the opportunity to exercise reasonable diligence by renewing any claims from his 1987 motions when he filed the motions in 1997.  As noted, petitioner filed an appeal from the denial of the 1997 motions but voluntarily dismissed the appeal.  Respondents assert that the limitation period should begin to run either upon the expiration of the 30 day period in which an appeal could be filed, or on June 22, 1998, the day the petitioner dismissed the appeal.

If the limitation period is held to begin at the later of those dates, a period of approximately 277 days passed until the limitation period was tolled by the filing of petitioner's motion to modify and correct his sentence on March 26, 1999.  The limitation period then began to run on June 1, 2001, when the Kansas Supreme Court affirmed the denial, and continued to run until petitioner next filed a motion for post-conviction review on August 27, 2001, approximately 87 days later.  The limitation period then was tolled until the Kansas Supreme Court denied review in that motion on July 9, 2003, and continued to run until

6

petitioner signed and mailed the petition on July 21, 2003 (Doc. 1, p. 14), approximately 10 days later.  Under this application, the petition was not timely.

The court finds this approach persuasive, as it allows petitioner the benefit of tolling during the time in which a motion was properly filed while requiring him to exercise reasonable diligence in the pursuit of relief.  However, the court does not resolve this matter solely on the argument that this matter was not timely filed.

Respondents also assert that petitioner's claims are procedurally defaulted.

The procedural default doctrine bars federal habeas review of a federal claim that a state court has refused to consider due to a petitioner's failure to comply with a state's procedural rules unless the petitioner can show both cause and prejudice, and manifest injustice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991). This procedural bar operates to bar consideration of a federal claim on habeas review only if the state procedural rule is both independent and adequate.  A rule is independent if the last state court that rendered a judgment in the case clearly based its decision upon a procedural bar.  Church v. Sullivan, 942 F.2d 1501, 1506 (10th Cir. 1991)(citing Harris v. Reed, 489 U.S. 255 (1989)). A rule is adequate if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587

(1988).

The Kansas Supreme Court's decision entered in June 2001[1] clearly rejected the petitioner's appeal on procedural grounds, which included (1) petitioner's voluntary dismissal of an earlier appeal concerning the same issues; (2) his failure to designate a record which would allow the court to fully consider his claims; (3) his presentation to the state supreme court of a different record from that presented to the state district court; and (4) abuse of the writ.

The principle of abandonment is well-settled in state case law.  See State v. Edwards, 917 P.2d 1322, 1324 (Kan. 1996)("the withdrawal of the claim of error from consideration in the direct appeal constitutes abandonment of the claim of error"); State v. Marshall, 114 P.3d 190, *2 (Kan. App. 2005)(Table)("we will not sanction the procedure of raising issues in a previous appeal only to have them abandoned and then reasserted in a subsequent appeal").

Although petitioner argues he voluntarily dismissed the appeal upon the advice of counsel, that claim does not excuse the abandonment of issues.  It is settled that because there is no right to counsel in post-conviction proceedings, any procedural default arising from attorney error "cannot constitute cause to

---

[1] State v. Simmons, No. 84, 731 (Kan. S. Ct. 6/1/2001).  A copy of this unpublished order is included in the state court records supplied by the respondents.

excuse the default in federal habeas." <u>Coleman</u>, 501 U.S. at 757.

Likewise, state case law establishes the principle that the appellant has the burden of presenting a record showing there was prejudicial error in the trial court. <u>State v. Milo</u>, 815 P.2d 519 (Kan. 1991); <u>State v. Bloom</u>, 44 P.3d 305, 307 (Kan. 2002).

Next, the abuse of the remedy doctrine is a long-settled principle in state case law. <u>See Dunlap v. State</u>, 559 P.2d 788 (Kan. 1977)(holding a second application for state post-conviction relief should not be considered unless the claims allege violations of constitutional rights and there are exceptional circumstances); <u>Brooks v. State</u>, 966 P.2d 686, 687-88 (Kan. App. 1998)(applying <u>Dunlap</u> and holding that following petitioner's voluntary dismissal of a state post-conviction action after his successful appeal, the trial court was not required to consider a second motion for similar relief, absent exceptional circumstances).

Finally, petitioner's effort to pursue a successive action by filing another state habeas corpus application after the Kansas Supreme Court denied relief also was rejected upon an established procedural ground. <u>See Woodberry v. State</u> 101 P.3d 727, 730 (Kan. App. 2004)(petitioner must allege exceptional circumstances to pursue a successive application for relief,

noting "necessity for some degree of finality ... to prevent the endless piecemeal litigation in both the state and federal courts.")(internal citation omitted); <u>Lee v. State</u>, 483 P.2d 482 (Kan. 1971)(affirming dismissal of prisoner's third post-conviction action raising new grounds as abuse of the remedy).

The court concludes that the petitioner's claims were procedurally defaulted on grounds that are well-established in state case law. Therefore, this court cannot consider these claims unless the petitioner demonstrates either cause and prejudice for the default or that the failure of this court to consider the claims will result in a fundamental miscarriage of justice. <u>Murray v. Carrier</u>, 477 U.S. 478, 488-89 (1986).

Having carefully examined the record, the court concludes the petitioner cannot meet this threshold. As noted earlier, the fact that petitioner relied upon the advice of counsel in voluntarily dismissing the appeal from his motion to modify sentence does not establish cause. <u>Coleman</u>, 501 U.S. at 757. Petitioner therefore does not satisfy the cause and prejudice standard needed to overcome his procedural default.

The "miscarriage of justice" exception requires a "petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)(quoting <u>Murray</u>, 477 U.S. at 496 (1986)).

10

Petitioner has not alleged that his default should be excused due to actual innocence; therefore, he does not satisfy the miscarriage of justice exception to the procedural default bar.

## Conclusion

For the reasons set forth, the court concludes the present petition for habeas corpus must be denied due to petitioner's failure to timely file this action, and due to his procedural default.

IT IS THEREFORE ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion to produce (Doc. 23) is denied as moot.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED**.

DATED:  This 27th day of September, 2005, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge